## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA    :
    :
    :
   v.                 :       Civil No. CCB-09-2171
    :       Related Crim. No. CCB-02-0410
    :
AARON DEMARCO FOSTER    :


## <u>MEMORANDUM</u>

Federal prison inmate Aaron D. Foster has filed a motion to vacate his life sentence under 28 U.S.C. § 2255. Foster claims that his appellate counsel was ineffective and that his sentence should be vacated under the Sixth Amendment. For the reasons set forth below, Foster's motion will be denied.

On July 26, 2004, Foster was sentenced to life without the possibility of release for conspiring to distribute narcotics under 21 U.S.C. § 846, in addition to receiving two concurrent and one 7-year consecutive sentences for other crimes. Foster appealed his conviction and sentence to the Fourth Circuit, which affirmed this court on November 13, 2007. *United States v. Foster*, 507 F.3d 233, 237 (4th Cir. 2007). Relevant for his pending motion under § 2255, Foster presented a claim to the Fourth Circuit under *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005), challenging the attribution of the total amount of crack involved in the conspiracy to him without a specific finding by the jury. The Circuit held that although Foster had not objected to this court's jury instructions, which did not include a charge to determine the specific amount of crack attributable to him under the principles of *Pinkerton v. United States*, 328 U.S. 640 (1946), "[u]nquestionably, if the jury was properly instructed under *Collins*, the government's

overwhelming evidence of substantial quantities of crack reasonably foreseeable to Foster would have set the maximum sentence at life imprisonment." *Foster*, 507 F.3d at 250-52. The Circuit concluded: "In short, if we disturbed Foster's sentence on the drug conspiracy count, we would seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 252.

Foster now challenges the efficacy of his appellate counsel. He claims that counsel made three mistakes on appeal by failing to argue: (1) that he had preserved the *Collins* objection in the district court, which would have affected the Fourth Circuit's standard of review; (2) that the district court erred in imposing a mandatory sentence on Foster in light of *United States v. Booker*, 543 U.S. 220 (2005); and (3) that his life sentence exceeded the statutory maximum range.

Foster proceeded to sentencing shortly after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which held that any factual finding increasing a maximum penalty must be made by a jury and proved beyond a reasonable doubt. At sentencing, this court therefore announced alternative grounds for the life sentence imposed on Foster. First, assuming the guidelines applied, the court relied on two murders perpetrated in furtherance of the narcotics conspiracy to apply the cross-reference under U.S.S.G. § 2A.1.1, which increased Foster's offense level to 43, resulting in a guideline sentence of life.[1] (7/26/04 Sentencing Tr. at 15-16, 36-38 ("Tr.").) Trial counsel objected to the application of the cross-reference under *Blakely*, because the jury had not found Foster responsible for the murders and because the court applied a preponderance of the evidence standard rather than beyond a reasonable doubt. (Tr. at 12-13.) Then, in the alternative, the court announced that it would set aside the mandatory guidelines and sentence under the statutes. On Count One, because the jury had found that a quantity of more

---

[1] An upward adjustment also was applied for obstruction of justice, but that did not affect the sentence because the offense level reached 43 based only on the murders.

than 50 grams of cocaine base was involved in the conspiracy, the court stated "there is a minimum mandatory of ten years and maximum sentence of life." (Tr. at 18.) Counsel for both Foster and the government agreed. (*Id.*) Setting aside the murders, but considering the "extremely serious drug conspiracy" and "Mr. Foster's obvious willingness to resort to violence," as evidenced by the facts of the witness intimidation and carjacking charges of which the jury convicted him, the court again imposed a sentence of life. (Tr. at 39-41.)

The court applies a two-prong analysis in deciding whether appellate counsel was ineffective:

> [The petitioner] must first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [the petitioner] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal.

*Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984)). It is possible to claim ineffective assistance of counsel based on a "failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.* at 288 (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). In fact, effective appellate counsel often should *not* raise every conceivable nonfrivolous issue in mounting an appeal, but should, usually, select the best arguments available to strengthen the appeal. *Barnes*, 463 U.S. at 751-54 ("The effect of adding weak arguments will be to dilute the force of the stronger ones." (citation omitted)). Thus, Foster faces a high bar in seeking to overturn his sentence by claiming that his appellate counsel was ineffective for allegedly failing to raise certain claims. Without even addressing the first prong of the *Strickland* test—whether Foster's appellate counsel was ineffective in deciding not to raise certain claims—it is clear that each of Foster's arguments fails

3

the second prong. None of the claims Foster cites in his motion would have affected the outcome

of his appeal had counsel raised them.

Foster first contends that his counsel should have argued to the Fourth Circuit that his

*Collins* objection should be reviewed under harmless, not plain, error. There is, of course, a

significant difference in the standards of review. "Where a defendant has raised an issue for the

first time on appeal," the Fourth Circuit reviews the issue for "plain error only." *United States v.*

*Rodriguez*, 433 F.3d 411, 414-15 (4th Cir. 2006) (citing Fed. R. Crim. P. 52(b); *United States v.*

*Olano*, 507 U.S. 725, 731-32 (1993)). If, however, a defendant has raised the issue below, he has

preserved it for appeal, and the Fourth Circuit instead reviews it for "harmless error." *United*

*States v. Robinson*, 460 F.3d 550, 557 (4th Cir. 2006) (citing Fed. R. Crim. P. 52(a); *Olano*, 507

U.S. at 731-32). When an issue is reviewed under harmless—as opposed to plain—error, the

burden is on the government to prove that the error did not affect the defendant's substantial

rights. *Id.*; *see also Rodriguez*, 433 F.3d at 416 ("In reviewing for harmless error, a defendant is

thus entitled to relief if an error has affected his substantial rights.") In contrast, when a court

reviews an issue under plain error, as the Fourth Circuit did when reviewing Foster's *Collins*

appeal, the court also asks whether "the error seriously affects the fairness, integrity, or public

reputation of judicial proceedings." *Id.* (citing *Olano*, 507 U.S. at 732); see also *United States v.*

*Cotton*, 535 U.S. 625, 633 (2002). Thus, even if an error affects the substantial rights of a

defendant, under the plain error standard the court may deny relief. *See Foster*, 507 F.3d at 252.

When Foster raised *Collins* on appeal, the Fourth Circuit determined that this court had

erred by using the quantity attributable to the entire conspiracy, and not an individualized

finding, in sentencing Foster. The Circuit determined that this error had affected Foster's

substantial rights, but it nonetheless exercised its discretion and held that Foster was not entitled

4

to relief because of the "overwhelming evidence" against him and the potential effect on the

judicial system overturning his sentence would have. *Id.* If Foster's *Collins* appeal had been

reviewed under harmless error, the Circuit would not have had the discretion to deny relief and

his sentence would have been overturned. But, this could have occurred only if his counsel had

raised the *Collins* issue in this court to preserve it on appeal. His counsel did not do so. The

Fourth Circuit appropriately reviewed his appeal for plain error, and, therefore, his appellate

counsel made no prejudicial mistake in failing to argue that the harmless error standard should

have been applied.

Foster points to his trial counsel's objection, at sentencing, that the court's imposition of

a life sentence violated *Blakely*. He argues, citing *Robinson*, that this preserved the *Collins* issue

for appeal and that his appellate counsel should have said as much to the Fourth Circuit. Foster is

incorrect. While both *Collins* and *Blakely* relate, to a certain extent, to the Supreme Court's

decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), they are distinct issues and his trial

counsel's raising of *Blakely* did not preserve *Collins* for appeal. Foster's *Blakely* objection at

sentencing was prompted by this court's finding that the murders of two men were attributable to

the conspiracy and that the cross reference could be relied on to enhance the guidelines sentence.

(*See* Tr. at 17-18; 26-31.) No objection was made, however, to the court's determination that

Foster was subject to a statutory maximum sentence of life because of the quantity of drugs the

jury found attributable to the conspiracy, or to the fact that the jury was not instructed to make an

individualized determination of the quantity attributable to Foster. (*See* Tr. at 17-18.) In

*Robinson*, the Fourth Circuit held that, where a jury made no quantity finding whatsoever, an

objection under *Blakely* to a judicially determined quantity used in sentencing preserved the

issue on appeal. *See* 560 F.3d at 557-58. Because Foster's trial counsel made no objection to the

court's use of the jury's quantity finding, *Robinson* is inapplicable here. As a result, had Foster's

appellate counsel argued to the Fourth Circuit that he had raised the *Collins* issue in this court at

sentencing, he would have been unsuccessful. The Circuit still would have found that the issue

was not preserved. *See Foster*, 507 F.3d at 249. Foster was therefore not prejudiced by any

alleged failing of his appellate counsel to make such an argument.

Foster's other two arguments also would not have been successful on appeal. Foster

argues, second, that his life sentence violated *Booker* because it was mandatorily imposed on

him. This is clearly incorrect. The transcript indicates that he was sentenced to life at the

*discretion* of this court. (Tr. at 39-41.) Third, Foster essentially restates his first argument. He

argues that his appellate counsel was ineffective for failing to argue that this court's imposition

of a sentence "above the statutory maximum" was unconstitutional. As explained above, his

sentence would have been above the maximum only insofar as the jury did not directly find the

quantity foreseeable to him, but this claim was raised, and was rejected by the Fourth Circuit in

their assessment of his *Collins* claim. Thus, his appellate counsel was not ineffective—rather

they made the same argument he claims they should have made.

Because Foster's appellate counsel did not fail to raise any claim that would have

affected the outcome of his appeal, Foster is not entitled to relief under the Sixth Amendment.

Accordingly, his motion will be denied and dismissed without an evidentiary hearing.

Furthermore, a prisoner who has filed a motion to vacate under § 2255 is not automatically

entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B).  An appeal

may only be taken of a final order in a proceeding under § 2255 if "a circuit justice or judge

issues a certificate of appealability." *Id.*  A certificate of appealability "may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). To make the necessary showing, the petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Foster has not made the requisite showing for this court to issue a certificate of appealability.[2]

     11/19/12                                             /s/
Date                                                    Catherine C. Blake
                                                     United States District Judge

---

[2] Of course, Foster may seek a certificate of appealability from the Fourth Circuit if he chooses to do so.