**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| UNITED STATES OF AMERICA,<br><br>v.<br><br>AARON DEMARCO FOSTER. | Criminal Case No. CCB-02-0410-1 |
|---|---|

**MEMORANDUM**

Now pending before the court is Aaron DeMarco Foster's motion for resentencing under Section 404 of the First Step Act. When this court sentenced Foster twenty years ago, federal law permitted, and the court imposed, a sentence of life imprisonment for the drug trafficking crime of which Foster was convicted. Today, however, the Fair Sentencing Act of 2010, the First Step Act of 2018, and other intervening legal developments cap Foster's sentence on that conviction at twenty years and require the court to resentence Foster under the now-applicable statutory framework. Accordingly, the court will grant Foster's motion for resentencing and modify the sentence on his drug trafficking conviction to twenty years. Given the sentences remaining on his additional convictions, which are not subject to First Step Act resentencing, Foster will now face a total sentence of thirty-two years.

**BACKGROUND**

On October 1, 2003, Foster was charged, alongside two co-defendants, for his role in a drug trafficking organization known as the "Lexington Terrace Boys." *See* Third Superseding Indictment, ECF 181. The indictment charged Foster with one count of conspiracy to distribute fifty grams or more of crack cocaine under 21 U.S.C. §§ 841, 846 (Count One); two counts of using a firearm in furtherance of a drug-trafficking crime resulting in death under 18 U.S.C. § 924(j) (Counts Two and Seven); one count of witness tampering under 18 U.S.C. § 1512(b)(3)

(Count Eight); one count of carjacking under 18 U.S.C. § 2119(2) (Count Nine); and one count of using and brandishing a firearm in furtherance of a drug trafficking crime and a crime of violence under 18 U.S.C. § 924(c) (Count Ten). *See id.* A jury convicted Foster on Counts One, Eight, Nine, and Ten. *See* Judgment, ECF 431.[1]

These convictions stem from Foster's role in the Lexington Terrace Boys, a drug conspiracy known for distributing crack-cocaine in a "six-square-block neighborhood in West Baltimore" known as "Lexington Terrace." *United States v. Foster*, 507 F.3d 233, 237 (4th Cir. 2007).

At trial, the Government established by a preponderance of the evidence that as a member of the Lexington Terrace Boys, Foster had been involved in at least two murders in furtherance of the conspiracy. *See* Sentencing Tr. 15:12-16:5.[2] Specifically, Foster participated in killing rival drug dealers Cortez Bailey and Vance Beasley in retaliatory strikes. *See* Tr. 15:12-16:5; *Foster*, 507 F.3d at 240-41 & n.3.

The Government also established, and the jury found beyond a reasonable doubt, that Foster had committed various other crimes as a member of the Lexington Terrace Boys. On top of the conspiracy conviction, Foster was convicted of witness tampering for attempting to kidnap and deliver to court an individual whose presence in the courtroom he hoped would intimidate a witness in the state murder trial of one of his federal co-defendants, of carjacking for forcibly stealing a car from two of his customers, and of brandishing a firearm in furtherance of a crime of violence for using a handgun to beat his carjacking victims and effect the robbery of their vehicle. *See Foster*, 507 F.3d at 240.

---

[1] Counts Two and Seven were dismissed pre-trial. *See* ECFs 186, 201, 202.

[2] The sentencing transcript is available as Exhibit 2 to the Government's opposition to Foster's motion for compassionate release, ECF 681-2. It is in hereinafter referred to as "Tr."

Ultimately, the court imposed a sentence of life imprisonment for Foster's conduct. Specifically, it sentenced Foster to life on Count One; ten years on Count Eight, to run concurrent to Count One; twenty-five years on Count Nine, to run concurrent to the preceding counts; seven years on Count Ten, to run consecutive with the preceding counts; and five years of supervised release. *See* Judgment; Tr. 40:25-41:15. The court imposed the maximum sentence of life on Count One because of Foster's participation "in an extremely serious drug conspiracy" that "contributed greatly to the misery of many people," and for his "obvious willingness to resort to violence in the course of the conspiracy," evinced by his actions in the carjacking and witness intimidation incidents. Tr. 39:2-40:23. The court concluded from this conduct that Foster presented a serious danger to others and that it had an obligation to impose a life sentence to "prevent any future victims." Tr. 40:20. The court did not rely on the Bailey and Beasley murders in imposing this sentence because Foster's participation in those murders had not been proven beyond a reasonable doubt. *See* Tr. 39:2-40:23.

The court entered Foster's sentence on July 26, 2004, and Foster has now filed several motions to modify it in the nearly two decades since. On August 5, 2013, Foster filed pro se a Motion for Retroactive Application of Sentencing Guidelines to a Crack Cocaine Offense under 18 U.S.C. § 3582. ECF 619. Three years later, on December 19, 2016, Foster filed a similar pro se motion. *See* Second Mot. for Sentence Reduction, ECF 676. He followed up on that second motion several months later with a third pro se motion seeking a sentence reduction and a status update, *see* Mot. for Relief & Status Update, ECF 677, and the court subsequently ordered the Government to respond to Foster's motions, Correspondence, ECF 678. In response to the court's order, Foster filed pro se an opposition to consolidation of his motions on May 23, 2017. *See* Mot. Opposing

Consolidation, ECF 679. The Government filed a sealed response to Foster's motions three days later. *See* Sealed Opp'n to Mots. for Sentence Reduction, ECF 681.[3]

After the Government filed its opposition to Foster's set of pro se motions, Foster requested an extension of time, ECF 682, and then asked the court to hold the motions in abeyance, *see* ECF 683, and for certain documents, *see* ECFs 686-687. Eventually, Foster moved to have an Assistant Federal Public Defender appointed to represent him in his post-conviction proceedings, ECF 690, and the court granted the motion, ECF 691. Foster then filed, through counsel, a motion for resentencing under Section 404 of the First Step Act, ECF 695. The Government responded, ECF 709, and Foster filed a reply in support of his motion, ECF 716. The court now proceeds to the merits of Foster's motions, which are ripe for review.[4]

**ANALYSIS**

Over the last decade, Aaron Foster has filed a variety of motions making what is ultimately a single request: that the court modify his sentence consistent with the Fair Sentencing Act of 2010.

A district court "may modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). One such authorizing statute is Section 404 of the First Step Act, under which a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194.

The Fair Sentencing Act, in turn, reduces sentencing disparities between offenses involving crack cocaine and powder cocaine by increasing the quantity of crack cocaine required to trigger

[3] The Government filed a sealed motion to seal its opposition, ECF 680, and a second motion to seal documents, ECF 710, which the court will grant.

[4] Foster has also filed four notices of supplemental authority, ECFs 718, 721, 732, and 743.

a mandatory minimum sentence. *See United States v. Hill*, 611 F. Supp. 3d 23, 25-26 (D. Md. 2020).

Until the Fair Sentencing Act was passed, federal law punished crack cocaine violations using a three-tiered sentencing scheme under which (1) violations involving fifty grams or more were subject to a mandatory minimum of ten years and a maximum of life; (2) violations involving five grams or more were subject to a mandatory minimum of five years and a maximum of forty years; and (3) violations involving lesser amounts were subject to a maximum of twenty years. *See* 21 U.S.C. § 841(b); Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372. The Fair Sentencing Act preserved this three-tiered structure but increased the quantity required to trigger each threshold to 280 grams for a tier-one sentence and twenty-eight grams for a tier-two sentence. *See id.*

At first, the Fair Sentencing Act applied only prospectively, that is, the new, more lenient sentences applied just to those defendants sentenced after the Act was passed on August 3, 2010. *Hill*, 611 F. Supp. 3d at 26. The First Step Act, however, made the Fair Sentencing Act retroactive, opening the door for those sentenced under the prior regime—like Foster—to seek new sentences under the modern approach. *See id.*

A second intervening legal change, this one doctrinal, also implicates the terms of Foster's sentence. When Foster was sentenced in 2004, the court interpreted the quantity thresholds in § 841(b), discussed above, as applying in conspiracy cases to "the amount of drugs distributed by the entire conspiracy," as opposed to the amount of drugs "reasonably foreseeable to the individual defendant." *See Foster*, 507 F.3d at 250-51. As a result, "the jury never determined the individualized quantity of crack attributable to" Foster "for the penalty purposes of § 841(b) and simply determined the amount of crack 'attributable to the conspiracy.'" *Id.* at 251 (quoting J.A.

2070). Shortly after Foster was sentenced, however, the Fourth Circuit held in *United States v. Collins* that § 841(b)'s quantity-based sentencing enhancements could constitutionally apply in conspiracy cases only once a jury found beyond a reasonable doubt that the requisite drug quantity was reasonably foreseeable to an individual defendant. *Id.* at 250-51 & n.11 (citing *United States v. Collins*, 415 F.3d 304, 314 (4th Cir. 2005)). So this court had unknowingly erred in failing to instruct the jury to identify the quantity of crack cocaine reasonably foreseeable to Foster himself. *See id.* at 250-51. Nevertheless, the Fourth Circuit upheld Foster's sentence on direct appeal because, it concluded, had the jury been "properly instructed per *Collins*, the Government's overwhelming evidence of the substantial quantities of crack reasonably foreseeable to Foster would have set the maximum sentence at life imprisonment." *Id.* at 252.

With the principles set forth in *Collins* and the Fair Sentencing Act in mind, the court must now resentence Foster "'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *See Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022).[5] As discussed, the jury in this case did not find beyond a reasonable doubt that fifty grams or more of crack-cocaine was foreseeable to Foster, so the court will modify Foster's sentence under "the default penalty provision in § 841 that applies when the amount of crack cocaine attributable to a defendant is less than" twenty-eight grams. *See Collins*, 415 F.3d at 315. Under that provision, the maximum sentence on Count One is twenty years, *see*

[5] The court *must* resentence Foster because the Fourth Circuit held in *United States v. Collington*, 995 F.3d 347, 356 (4th Cir. 2021) that "district courts abuse their discretion in letting stand a sentence of imprisonment that exceeds the statutory maximum established by the Fair Sentencing Act"; it *may* do so in light of *Collins* because the Supreme Court held in *Concepcion*, 142 S. Ct. at 2396, that "a district court adjudicating a motion under the First Step Act may consider other intervening changes of law." At least as to the *Collington* point there is no dispute: The Government concedes that resentencing is appropriate under Section 404. *See* Opp'n to Mot. for First Step Act Resentencing at 1, 16-20, ECF 709.

21 U.S.C. § 841(b)(1)(C), and Foster does not request that his sentence be lowered any further. Accordingly, the court will reduce Foster's sentence on Count One to the statutory maximum of twenty years.[6]

Although the Government agrees Foster "is eligible for Section 404 relief"—and that, on this jury verdict, he could be constitutionally sentenced today only to § 841's tier-one maximum of twenty years—it nonetheless asks the court to impose the tier-two maximum sentence of forty years. *See* Opp'n to Mot. for First Step Act Resentencing at 1, 11 n.3, ECF 709. First Step Act resentencing, it urges, should be just that: the modification of a sentence to adjust for, and only for, "the *FSA-amended* statutory penalty range." *See id.* at 17-18.

As the Supreme Court has explained, however, a district court imposing a sentence modification "under the First Step Act may consider other intervening changes of law." *Concepcion*, 142 S. Ct. at 2396. Courts exercising this discretion have refused to "continue propounding" a sentencing court's constitutional errors. *See Hill*, 611 F. Supp. 3d at 27; *see also United States v. Jones*, JKB-96-0399, 2020 WL 886694, at *3 (D. Md. Feb. 24, 2020) (same).[7] A *Collins* violation in the original sentence therefore need not "be ignored in" conducting First Step

---

[6] The court need not reiterate the 18 U.S.C. § 3553(a) analysis it conducted at sentencing because Foster has not requested a sentence below the twenty-year maximum, but were the court to reassess his sentence under those factors it would find the maximum sentence, now twenty years, appropriate for the same reasons it elected to impose the maximum sentence in 2004. *See* Tr. 39:2-40:23. Although the court would impose the twenty-year maximum regardless of Foster's request, it does note Foster's commendable record during his period of incarceration, which includes an improved disciplinary record that has been clear of 100-level infractions for over ten years, *see* ECF 695-6, a GED, *see* ECF 695-6; ECF 695-7, "priceless service" in the U.S.P. Pollock MEN.T.O.R. program, *see* ECF 695-8, and, ultimately, a letter to the court "recognizing the wrong that I have done and the impact my actions have had on victims of my actions, their family, my family, and the community as a whole," ECF 695-1.

[7] Unpublished opinions are cited for the persuasiveness of their reasoning only, not for precedential value.

Act resentencing. *See Hill*, 611 F. Supp. 3d at 27. So given the jury verdict in this case, the court will not now impose a sentence on Count One greater than the default maximum of twenty years.

In the end, the First Step Act requires the court to modify Foster's sentence on Count One to a level at or below the Fair Sentencing Act's statutory maximum, and *Concepcion* permits the court to do so under the modern understanding of Foster's Fifth and Sixth Amendment rights. Applying these principles, the court will modify Foster's sentence on Count One to twenty years.[8] He will remain subject to a sentence of twenty-five years on Count Nine, to be served concurrently with Count One, and seven years on Count Ten, to be served consecutive to Counts One and Nine, for a total term of incarceration of thirty-two years.

**CONCLUSION**

For the reasons explained above, Foster's motion for resentencing under the First Step Act will be granted and the court will modify Foster's sentence on Count One to twenty years. All remaining aspects of Foster's original sentence will remain intact.

A separate order follows.

July 7, 2023
Date

/s/
Catherine C. Blake
United States District Judge

[8] In light of this conclusion, the court will deny as moot Foster's prior motions, ECFs 619, 676, and 677, which similarly seek resentencing consistent with the Fair Sentencing Act, and will also deny as moot his motion opposing consolidation of those motions, ECF 679. Foster's other related motions, ECFs 682, 683, and 686, will likewise be denied as moot.